# UNITED STATES BANKRUPTCY COURT
# FOR THE
# EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **In the Matter of:** : | |
| : | |
| **HASSAN NIAKAN,** : | Chapter 11 |
| : | Case No. 24-10010-KHK |
| Debtor. : | |
| : | |
| _____ : | |
| : | |
| **ARTA MINAEI,** : | |
| : | |
| Movant, : | |
| : | |
| v. : | |
| : | |
| **HASSAN NIAKAN.** : | |
| : | |
| Respondent. : | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW Arta Minaei ("Minaei" or "Movant") by counsel, and hereby files this Motion for Relief from the Automatic Stay seeking relief to i) continue and complete pending state court divorce litigation pending between Minaei and Hassan Niakan (the "Debtor") relating to the issues of support, maintenance and property; ii) enforce state court orders for support and maintenance through such collection, enforcement and/or contempt proceedings as may be permitted under state law, including, but not limited to, collection and enforcement of support and maintenance from property of the estate; and iii) such other and further relief related to the aforementioned domestic proceedings as may be appropriate. In support hereof, Minaei does respectfully represent as follows:

Kevin M. O'Donnell, VSB #30086
HENRY & O'DONNELL, P.C.
300 N. Washington Street
Suite 604
Alexandria, Virginia 22314
(703) 548-2100
Counsel to Arta Minaei

1.     This is a proceeding relief from the automatic stay of 11 U.S.C. 362, is a contested matter pursuant to Rules 4001 and 9014 of the Fed. Rules of Bankr. Proc., and that this matter is a core proceeding and this Court has jurisdiction properly founded upon 28 U.S.C. 157 and 1334.

2.     The Debtor and Minaei are husband and wife and are currently parties to a proceeding for divorce pending in the Circuit Court for Loudoun County, Virginia in the matter of <u>Arta Minaei v. Hassan Niakan</u>, Civil Action No. CL 23-2532 (the "Divorce Action"). Prior to the filing of the Chapter 11 petition by the Debtor herein, the state court sitting in the Divorce Action had entered orders requiring the Debtor to make certain payments of *pendente lite* support to Minaei. At the time of filing of his Chapter 11 petition herein, the Debtor was delinquent in court ordered support payments for the month of December, 2023. Since the filing of this case, the Debtor has continued default and has failed to make payment of post-petition support payments required for the months of January and February, 2024.[1]

3.     The Debtor is improperly utilizing the automatic stay in this case to prevent collection and enforcement of post-petition support obligations which the Debtor is continuing to refuse and evade.

4.     The Debtor has filed his own motion for relief from the automatic stay seeking relief to contest the amount of monthly support ordered in the Divorce Action and to otherwise continue and complete hearing on issues of equitable distribution of property rights and interests of the parties (Dkt. #13).[2] The Court has previously ruled granting the Debtor's motion, but has not yet entered a final order as to such motion.

---

[1] Court ordered support payments are due on the 7th of each month. The payment for March 2024 will come due shortly after the filing of this Motion.
[2] To the extent a modification of ordered support is sought by the Debtor, relief is not necessary pursuant to 11 U.S.C. 362(b)(2)(A)(ii).

5. As noted above, the Debtor has failed and is refusing to make payment of court ordered post-petition support payments. Additionally, the Debtor has failed to make post-petition payments of secured claims, including mortgage payments upon the principal marital residence and secured creditor payments for vehicle loans. Minaei has custody of the parties' minor child, resides with the minor child in the marital home, and is dependent upon support payments for living expenses and in order to ensure mortgage and car payments are made post-petition.

6. Because the Debtor has failed and is refusing to make payment of court ordered post-petition support payments, Minaei also seeks relief from the automatic stay herein to be able to permit enforcement of any order for alimony, maintenance or support (both spousal and child support) in the Divorce Action, including, but not limited to i) the collection of any alimony, maintenance or support from property that is property of the estate, including any wages, income or other funds of the Debtor; and/or ii) the employment of civil contempt proceedings and the imposition and collection of costs and expenses in state court in connection with any such action to enforce such orders.

7. Courts have routinely held that a Debtor may not hide behind the automatic stay in order to avoid payment of post-petition support obligations. See, e.g., In re Parast, 612 B.R. 710 (Bankr. D.S.C. 2020), stating that:

> Under federal bankruptcy law, Debtor is under an obligation to stay current on the post-petition domestic support obligations. Under § 1112(b)(4), the "failure of debtor to pay any domestic support obligations that first become payable after the date of the filing of the petition" is "cause" for dismissal or conversion to chapter 7 of an individual debtor's chapter 11 bankruptcy case. Further, under § 1129(a)(14), a chapter 11 plan cannot be confirmed unless the debtor has paid all court-ordered domestic support obligations that became due post-petition.

Id., at 724.

8.      Minaei and the parties' minor child are at risk of suffering more serious and severe hardship upon the continuing inability to enforce support orders in the Divorce Action and to otherwise seek and compel performance, including via civil contempt and/or collection from property of the estate, including the Debtor's income.[3]

9.      Cause exists under 11 U.S.C. 362(d) to grant relief from the automatic stay to Minaei in order to permit Minaei to proceed in the Divorce Action as requested herein.

## NOTICE

**NOTICE YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

**IF YOU DO NOT WISH THE COURT TO GRANT THE RELIEF SOUGHT IN THE MOTION, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN WITHIN 14 DAYS FROM THE DATE OF SERVICE OF THIS MOTION, YOU MUST FILE A WRITTEN RESPONSE EXPLAINING YOUR POSITION WITH THE COURT AND SERVE A COPY ON THE MOVANT. UNLESS A WRITTEN RESPONSE IS FILED AND SERVED WITHIN THIS 14-DAY PERIOD, THE COURT MAY DEEM OPPOSITION WAIVED, TREAT THE MOTION AS CONCEDED, AND ISSUE AN ORDER GRANTING THE REQUESTED RELIEF WITHOUT FURTHER NOTICE OR HEARING.**

**IF YOU MAIL YOUR RESPONSE TO THE COURT FOR FILING, YOU MUST MAIL IT EARLY ENOUGH SO THE COURT WILL RECEIVE IT ON OR BEFORE THE EXPIRATION OF THE 14- DAY PERIOD.**

WHEREFORE, all parties served with this motion are hereby advised pursuant to L.R. 4001(a)-1 that a written response to this motion must be filed with the Clerk of the United States Bankruptcy Court and served on the undersigned counsel for Minaei within fourteen (14) days of the date of service of this motion, and Minaei does further pray that this court grant it relief by

---

[3] 11 U.S.C. 362(b)(2)(C) provides that the automatic stay does *not* apply to any state court order providing for the withholding of support from income of the Debtor that is otherwise property of the estate. Minaei seeks, *inter alia,* confirmation of her rights to obtain such an order, *and* to otherwise proceed to execute upon or otherwise attach property of the estate to satisfy delinquent, post-petition support payments.

terminating or modifying the automatic stay pursuant to 11 U.S.C. 362(d) to permit enforcement of any order for alimony, maintenance or support in the Divorce Action, including, but not limited to i) the collection of any alimony, maintenance or support from property that is property of the estate, including any wages, income or other funds of the Debtor; and/or ii) the employment of civil contempt proceedings and the imposition and collection of costs and expenses in state court in connection with any such action to enforce such orders, and that Minaei have such other and further relief as this Court may deem just.

          **ARTA MINAEI**
          By Counsel

          /s/ Kevin M. O'Donnell
          Kevin M. O'Donnell, VSB #30086
          Henry & O'Donnell, P.C.
          300 N. Washington Street
          Suite 604
          Alexandria, VA 22314
          (703) 548-2100 telephone
          (703) 548-2105 facsimile
          kmo@henrylaw.com
          Counsel to Arta Minaei

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing pleading was served via the CM/ECF electronic case filing system on the 4th day of March, 2024, to the U.S. Trustee, the Chapter 11 Trustee, counsel for the Debtor and other parties requesting notice herein.

A copy of this pleading was further sent on this date by first class mail to the Debtor as follows:

    Hassan Niakan
    20594 Cornstalk Terr.
    Unit 301
    Ashburn, VA 20147

    /s/ Kevin M. O'Donnell
    Kevin M. O'Donnell